IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BPM CONSTRUCTION, LLC, | 3:14-CV-01089-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| AMERIDREAM CONSTRUCTION, LLC, | |
| Defendant. | |

SANDY N. WEBB
Skyline Building
0224 S.W. Hamilton Street
Suite 301
Portland, OR 97239
(503) 477-7731

    Attorney for Plaintiff

TIMOTHY B. HERING
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Avenue
Suite 1500
Portland, OR 97204-1357
(503) 224-6440

    Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#9) to Dismiss Plaintiff's Complaint. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On July 9, 2014, Plaintiff BPM Construction, LLC, filed a Complaint for breach of contract against Defendant AmeriDream Construction, LLC, in this Court. Plaintiff alleges in its Complaint that it is "registered in Washington State as an LLC and as a foreign LLC in Oregon, with its member/managers living in Washington State." Compl. at ¶ 1. Plaintiff alleges in its Complaint that Defendant "is a construction and remodeling company offering services in the States of Washington and Oregon. AmeriDream is an Oregon registered LLC, with its member/managers living in Oregon." Compl. at ¶ 2. Plaintiff alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1332 "with complete diversity of citizenship." Compl. at ¶ 3.

On October 14, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint on the ground that this Court lacks subject-matter jurisdiction because there is not complete diversity of citizenship.

The Court took Defendant's Motion under advisement on December 17, 2014.

## STANDARDS

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th Cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

## DISCUSSION

### I. Diversity

The federal diversity statute, 28 U.S.C. § 1332, "requires complete diversity of citizenship." "[I]n a diversity action, the plaintiff must state all parties' citizenships such that the

3 - OPINION AND ORDER

existence of complete diversity can be confirmed." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)(quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)). Limited liability corporations (LLCs) are treated like partnerships, and a plaintiff must establish the citizenship of each LLC member to demonstrate complete diversity exists. *See Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1085 (9th Cir. 2014)("[A]n LLC is a citizen of every state of which its owner/members are citizens.").

The parties do not dispute Plaintiff is a citizen of Washington. Although the parties do not dispute the sole member of Defendant LLC is Aleksandr Batazhan, whether Batazhan is a citizen of Washington or of Oregon is at issue.

The Ninth Circuit has explained: "[A] natural person's state citizenship is . . . determined by [his] state of domicile, not [his] state of residence. A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here Batazhan testifies in his Declaration that he lives in Washington, that he has done so for the last five years, and that he plans to continue to live in Washington indefinitely. Decl. of Aleksandr Batazhan at ¶ 3. Batazhan also testifies he has a

4 - OPINION AND ORDER

Washington State driver's license and that he does not reside in Oregon. *Id.* at ¶¶ 4-5.

To support its claim that Batazhan is a citizen of Oregon, Plaintiff points to an Application for Reinstatement made by Defendant with the Oregon Secretary of State in which Defendant's principal place of business is listed as 201 N.E. Middefield Road, Portland, Oregon. Decl. in Opp'n to Motion to Dismiss, Ex. 1 at 2. Defendant noted on the Application for Reinstatement that the sole member of the LLC is Batazhan and listed the same Portland address for Batazhan as that noted for Defendant.

As Defendant points out, however, although the Portland address is listed as the address for Defendant's principal place of business, the Oregon Secretary of State does not require LLC members to list their home address on filings with that agency. As noted, Batazhan testifies in his Declaration that his home is in Washington and that he does not reside in Oregon. Plaintiff does not point to any other evidence to rebut Defendant's showing that Batazhan is a citizen of Washington.

On this record the Court concludes Plaintiff has not met its burden to establish that there is complete diversity of citizenship between itself and Defendant, and, therefore, the Court lacks subject-matter jurisdiction. Accordingly, the Court grants Defendant's Motion to Dismiss.

## II. Attorneys' Fees

In its Motion to Dismiss Defendant also requests attorneys' fees and costs incurred in defending this action pursuant to 28 U.S.C. § 1919, which provides "[w]henever any action . . . is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."

The Ninth Circuit has held § 1919 governs an award of costs when the underlying claim has been dismissed for lack of jurisdiction. *Miles v. State of Ca.*, 320 F.3d 986, 988 (9th Cir. 2003). Section 1919 "is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'" *Id.* at 988 n.2.

The Ninth Circuit, however, has made clear that attorneys' fees should be awarded under § 1919 only under "extraordinary circumstances." *Otay Land Co. v. United Enter. Ltd.*, 672 F.3d 1152, 1159 (9th Cir. 2012)(citation omitted). *See also Barron's Educ. Series, Inc. v. Hiltzik*, 987 F. Supp. 224, 225 (E.D.N.Y. 1997)("[T]here is not a single reported case in the history of American jurisprudence in which attorney's fees have been awarded under § 1919.").

Defendant requests costs and attorneys' fees under § 1919 on the ground that "[P]laintiff did virtually nothing to attempt to determine the citizenship of AmeriDream's member, Mr. Batazhan" before filing this action in federal court. Specifically,

6 - OPINION AND ORDER

Defendant points out that the Application for Reinstatement submitted by Plaintiff in support of its assertion that Batazhan is a citizen of Oregon was filed with the Secretary *after* Plaintiff filed its Complaint. Defendant contends this record does not provide any support for Plaintiff's allegation that Batazhan was a citizen of Oregon at the time the Complaint was filed.

The Court, nevertheless, concludes on this record that Defendant has not shown this matter is "extraordinary" and, therefore, merits an award of attorneys' fees or costs. Accordingly, in the exercise of its discretion, the Court denies Defendant's request for attorneys' fees and costs pursuant to § 1919.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#9) to Dismiss Plaintiff's Complaint and **DISMISSES** this matter **without prejudice**. The Court **DENIES** Defendant's request for

costs and attorneys' fees.

IT IS SO ORDERED.

DATED this 16th day of January, 2015.

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER